**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| RICHARD DEVICO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>D & I TAXES PREPARE & MULTI SERVICES LLC,<br><br>Defendant. | Case No.: 8:26-cv-00801<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff RICHARD DEVICO ("Plaintiff"), individually and on behalf of all others similarly situated, brings this putative class action against Defendant D & I TAXES PREPARE & MULTI SERVICES LLC ("Defendant") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), and the regulations promulgated thereunder. In support, Plaintiff alleges as follows:

**NATURE OF THE ACTION**

1. This is a putative class action arising from Defendant's transmission of unsolicited telemarketing text messages to Plaintiff and other consumers.

2. Upon information and belief, Defendant sent these messages, or caused them to be sent, to induce recipients to revisit Defendant's website and to purchase,

inquire about, or engage with Defendant's tax-preparation, tax-planning, and related services.

3.      As alleged herein, Defendant violated several provisions of the TCPA by (1) transmitting unsolicited telemarketing text messages, including after Plaintiff exercised his opt-out and revocation rights; and (2) transmitting telemarketing text messages to Plaintiff's cellular telephone number while that number was listed on the National Do Not Call Registry, without legally sufficient consent and after any alleged consent had been revoked.

4.      This action seeks statutory damages, injunctive relief, and all other relief available under the TCPA on behalf of Plaintiff and the proposed classes.

## JURISDICTION AND VENUE

5.      This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States, including the TCPA.

6.      This Court has personal jurisdiction over Defendant because Defendant is a Florida limited liability company with its principal place of business and/or principal office in Hillsborough County, Florida, conducts business in Florida, and directed the text-messaging campaign alleged herein from Florida and/or through agents acting on its behalf.

7.      Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2) because Defendant resides in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

8.      Plaintiff is a natural person and, at all relevant times, was a resident of 4295 Crestview Dr., La Mesa, California 91941.

9.      Defendant D & I Taxes Prepare & Multi Services LLC is a Florida limited liability company. Upon information and belief, Defendant's principal business address is 1943 E Fletcher Ave., Tampa, Florida 33612. Defendant markets and/or promotes tax preparation and related services and is a "person" within the meaning of 47 U.S.C. § 227 and a "seller" and/or telemarketer for purposes of the TCPA and FCC regulations.

## FACTUAL ALLEGATIONS

10.     At all relevant times, Plaintiff was the subscriber and primary user of the cellular telephone number ending in 9982.

11.     The 9982 number is Plaintiff's personal cellular telephone line.

12.     Plaintiff's telephone number ending in 9982 has been on the National Do Not Call Registry since December 21, 2011.

13. Beginning at least as early as November 28, 2025, Defendant—or third parties acting on Defendant's behalf—began transmitting unsolicited standardized text messages to Plaintiff from (239) 421-9191.

14. Plaintiff never provided Defendant with prior express invitation, permission, or any other valid consent to send the telemarketing text messages at issue to Plaintiff's cellular telephone.

15. The text messages were materially uniform. They referenced "DITAXA Richard," claimed that Plaintiff's "status" or "request" had been updated, directed Plaintiff to revisit a DITAXA login page through embedded links with changing parameters, and instructed Plaintiff to text "Stop" to opt out.

16. Below, without limitation, are examples of some of the telemarketing text messages that Defendant transmitted to Plaintiff's cellular phone:












17. The content, form, and context of the messages show that they were telemarketing and telephone solicitations because they were designed to induce Plaintiff to revisit Defendant's site and engage Defendant regarding Defendant's paid tax and related services.

18. Plaintiff did not request these messages and had no established business relationship with Defendant that would authorize the telemarketing texts at issue.

19. After receiving Defendant's unwanted texts, Plaintiff expressly opted out and revoked any purported consent by replying "STOP." Plaintiff sent stop requests on multiple occasions, including on or about December 16, 2025, December 20, 2025, December 23, 2025, and January 2, 2026.

20. Despite Plaintiff's repeated opt-out requests, Defendant continued transmitting additional telemarketing texts to Plaintiff, including at least on January 15, 2026, January 16, 2026, February 5, 2026, and February 9, 2026.

21. Defendant's continued texting after Plaintiff's repeated opt-out requests demonstrates, at minimum, that Defendant failed to maintain and implement adequate procedures for recording and honoring entity-specific do-not-call requests.

22. As a direct result of Defendant's conduct, Plaintiff suffered concrete injuries, including invasion of privacy, intrusion upon seclusion, nuisance, aggravation, frustration, and the occupation of Plaintiff's cellular telephone by unwanted text messages.

8

## CLASS ALLEGATIONS

23.     Plaintiff brings this action under Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of himself and two proposed classes defined as follows:

> TCPA Internal DNC Class: All persons in the United States who, within four years before the filing of this action through class certification, (1) made a request not to receive telemarketing text messages from or on behalf of Defendant, and (2) thereafter received more than one additional telemarketing text message within any 12-month period from or on behalf of Defendant.

> TCPA National DNC Class: All persons in the United States who, within four years before the filing of this action through class certification, (1) were residential telephone subscribers whose telephone numbers were listed on the National Do Not Call Registry for at least 31 days, and (2) received more than one telemarketing text message within any 12-month period from or on behalf of Defendant.

24.     Excluded from the Class are Defendant; any subsidiary or affiliate of Defendant; the directors, officers, and employees of Defendant or its subsidiaries or affiliates; and members of the judiciary assigned to this action and their staff.

25.     This action has been brought and may properly be maintained as a class action against Defendant because there is a well-defined community of interest in the litigation and the proposed Classes are ascertainable. Plaintiff reserves the right to amend, expand, or narrow the class definitions if discovery and further investigation reveal that either proposed Class should be expanded or otherwise modified.

26.     Numerosity: At this time, Plaintiff does not know the exact number of members of the proposed Classes, but given the nature of the claims and the apparent

use of a standardized telemarketing text-messaging campaign, Plaintiff believes that the proposed Classes are so numerous that joinder of all members is impracticable.

27.     Existence and Predominance of Common Questions of Fact and Law: There is a well-defined community of common questions of fact and law affecting Plaintiff and members of the proposed Classes. These common questions predominate over any questions affecting only individual class members and include, without limitation:

    a. Whether Defendant initiated or caused to be initiated the challenged telemarketing text messages;

    b. Whether the challenged text messages constituted "telephone solicitations" and "telemarketing" within the meaning of the TCPA and the FCC's implementing regulations;

    c. Whether Defendant sent more than one telemarketing text message within a 12-month period to telephone numbers listed on the National Do Not Call Registry;

    d. Whether Plaintiff and members of the Internal DNC Class made requests not to receive further telemarketing text messages from Defendant;

    e. Whether Defendant failed to record, maintain, and honor do-not-call requests as required by 47 C.F.R. § 64.1200(d);

f.  Whether Defendant maintained written policies and training sufficient to comply with the TCPA's internal do-not-call requirements;

g.  Whether Defendant can establish any applicable consent, invitation or permission, or established business relationship defense;

h.  Whether Defendant acted knowingly or willfully;

i.  Whether Plaintiff and the members of the proposed Classes are entitled to statutory damages, and in what amount; and

j.  Whether declaratory and injunctive relief is appropriate.

28.    Typicality: Plaintiff's claims are typical of the claims of the members of the proposed Classes because they arise from the same course of conduct, involve the same or materially similar telemarketing text messages, and are based on the same legal theories under the TCPA and its implementing regulations.

29.    Plaintiff and members of the proposed Classes each received telemarketing text messages sent by or on behalf of Defendant. Plaintiff and members of the Internal DNC Class made do-not-call requests that Defendant failed to honor, and Plaintiff and members of the National DNC Class received more than one telemarketing text message within a 12-month period while their numbers were listed on the National Do Not Call Registry.

30.    Adequacy of Representation: Plaintiff is an adequate representative of the proposed Classes because Plaintiff's interests do not conflict with the interests of the members of the proposed Classes. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the proposed Classes and has retained counsel experienced in TCPA and class-action litigation.

31.    Superiority: A class action is superior to other available means for the fair and efficient adjudication of the claims of the proposed Classes. While the aggregate statutory damages may be substantial, the damages suffered by individual class members are comparatively modest. As a result, the expense and burden of individual litigation make it economically infeasible and procedurally impracticable for each class member to individually seek redress for Defendant's conduct. Class treatment will also conserve the resources of the parties and the Court and avoid inconsistent adjudications.

## CAUSES OF ACTION

## COUNT I

### Violations of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)
*(On Behalf of Plaintiff and the National DNC Class)*

32.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

33.     The TCPA and its implementing regulations prohibit initiating telephone solicitations to residential telephone subscribers whose telephone numbers are listed on the National Do Not Call Registry.

34.     Plaintiff's telephone number ending in 9982 has been listed on the National Do Not Call Registry since December 21, 2011, more than 31 days before any challenged text message was sent.

35.     Defendant initiated, or caused to be initiated, more than one telemarketing text message to Plaintiff within a 12-month period despite Plaintiff's number being listed on the National Do Not Call Registry.

36.     Upon information and belief, Defendant did the same to members of the National DNC Class.

37.     Defendant's conduct violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2).

38.     Pursuant to 47 U.S.C. § 227(c)(5), Plaintiff and the National DNC Class are entitled to recover up to $500 for each violation, and up to treble damages for knowing or willful violations.

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and the National DNC Class relief against Defendant, as set forth in the Prayer for Relief below.

## COUNT II

**Violations of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)**
*(On Behalf of Plaintiff and the Internal DNC Class)*

39.    Plaintiff re-alleges and incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

40.    47 C.F.R. § 64.1200(d), in relevant part, provides: "No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards including:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making such calls (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed ten (10) business days from the receipt of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures

14

to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity. . .

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

41.    Pursuant to 47 C.F.R. § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls or text messages to wireless telephone numbers.

42.    Plaintiff and other Internal DNC Class Members made requests to Defendant not to receive telemarketing text messages from Defendant.

43.    Defendant failed to honor Plaintiff's and the Internal DNC Class Members' do-not-call requests and continued sending additional telemarketing text messages after those requests.

44.    Defendant violated the requirements of Section 64.1200(d) by failing to (1) maintain the required written policies; (2) provide training to its personnel engaged in telemarketing; and (3) maintain a standalone do-not-call list.

45.    Pursuant to Section 227(c)(5) of the TCPA, Plaintiff and the Internal DNC Class Members are entitled to an award of $500.00 in statutory damages, for each telemarketing text message sent by Defendant. To the extent Defendant's

misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Internal DNC Class.

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and the Internal DNC Class relief against Defendant, as set forth in the Prayer for Relief below.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Classes, prays for the following relief:

A. An Order certifying the National DNC Class and the Internal DNC Class, appointing Plaintiff as Class Representative, and appointing Plaintiff's counsel as Class Counsel;

B. An Order declaring that Defendant's acts and practices alleged herein violate the TCPA and its implementing regulations;

C. An award to Plaintiff and each member of the proposed Classes of statutory damages of $500 for each violation, and up to $1,500 for each violation found to be knowing or willful;

16

D. Injunctive and declaratory relief prohibiting Defendant from continuing the unlawful conduct alleged herein; and

E. Such further and other relief as the Court deems just and necessary.

Dated: March 25, 2026

Respectfully submitted,

/s/ Alexander Korolinsky
Alexander J. Korolinsky, Esq.
Florida Bar No.: 119327
**THE LAW OFFICE OF ALEXANDER J. KOROLINSKY, P.A.**
1580 Sawgrass Corp Pkwy, Suite 130
Sunrise, Florida 33323
Tel: (888) 815-3350
korolinsky@ajklegal.com

Counsel for Plaintiff and the Proposed Classes